UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS CHAPMAN                                                CIVIL ACTION

VERSUS                                                          NO: 24-196

D.M. BASS, INC.                                                 SECTION: "A" (3)

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 12)** filed by the defendant, D.M. Bass, Inc. (hereinafter "Bass" or "Defendant"). The plaintiff, Nicholas Chapman, opposes the motion. The motion, submitted for consideration on April 10, 2024, is before the Court on the briefs without oral argument.

The plaintiff, Nicholas Chapman ("Chapman"), has brought this action on behalf of himself and all other similarly situated employees (current and former) of Bass alleging that they were denied overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Chapman's complaint also invokes the Portal-to-Portal Act.[1]

Chapman began working for Bass in or about April 2021. (Rec. Doc. 1, Complaint ¶ 5). Chapman was employed by Bass as a manual laborer in connection with the company's construction/demolition/natural disaster cleanup business operations. (*Id.* ¶

---

[1] Chapman did not address Bass's challenge to a claim under the Portal-to-Portal Act except to deny that he attempted to plead a claim for unpaid travel time under the FLSA. The Court assumes that the reference to the Portal-to-Portal Act in the complaint was an inadvertent editing error and therefore that claim, having been undefended by the plaintiff in his opposition, will be dismissed.

24). His primary job duties involved manual labor associated with Bass's business. (*Id.*). Chapman alleges that for purposes of the FLSA he was paid a "day rate" as opposed to a "salary" or "fee." Chapman alleges that he routinely worked more than 40 hours per workweek for Bass and that his weekly work schedule typically encompassed 84 hours of work for Bass. (*Id.* ¶ 26). Chapman contends that Bass was required to pay him time and a half for all hours worked over 40 in each seven-day workweek yet the company failed to do so. Chapman stopped working for Bass in or about December 2021. (*Id.* ¶ 5). Chapman seeks damages and a trial by jury. (*Id.* ¶¶ 50 & 51).

Bass now moves pursuant to Rule 12(b)(6) to dismiss Chapman's entire complaint, both his individual overtime claim and the collective action claim, for failure to state a claim upon which relief can be granted.

First, Bass contends that Chapman's individual overtime claim is time-barred because FLSA claims are generally subject to a two-year statute of limitations unless the violation is "willful," in which case the limitations period is three years. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (citing *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016); 29 U.S.C. § 255(a)). Chapman alleges that the overtime violations occurred between April 2021 to December 2021 but he did not file his complaint until January 19, 2024. Therefore, unless the three-year statute of limitations for willful violations applies, Chapman's claim will be time-barred. A willful violation occurs when the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *Dacar v. Saybolt, L.P.*, 914 F.3d 917, 926 (5th Cir. 2018), *as amended on denial of reh'g and reh'g en banc* (Feb. 1, 2019)

(citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

Chapman has alleged that the violations were willful. (Complaint ¶ 37). According to Bass this is insufficient and Chapman cannot withstand dismissal unless he pleads specific facts to establish willfulness.

The factual determination of whether the violations were willful cannot be determined on the pleadings. Chapman's argument at this stage is simple—he was paid a day rate as a manual laborer, he routinely worked 84 hours a week, and Bass did not pay him overtime wages—and from these facts it can be inferred that Bass knew about the violations and showed reckless disregard for the mandates of the FLSA. The Court agrees that no more is required at the pleading stage. The Court is persuaded that Chapman's individual FLSA overtime claim is adequately pleaded to withstand dismissal under Rule 12(b)(6) because he states a claim upon which relief may be granted. The motion to dismiss Chapman's individual claim is denied.

Second, Bass relies on *Swales v. KLLM Transportation Services, LLC*, 985 F.3d 430 (5th Cir. 2021), to argue that the Court should dismiss all of Chapman's collective allegations because the collective that he attempts to represent, is the very type of vague and overbroad collective that *Swales* is intended to forestall.

To be sure, Bass raises legitimate criticisms and concerns with the all-encompassing and "subject to change based on discovery" class that Chapman has attempted to plead. But *Swales* did not involve dismissal on the pleadings but rather conditional certification of an FLSA class, which is not the issue currently before the Court. The Court is not persuaded that a Rule 12(b)(6) motion for failure to state a claim

for relief is the appropriate procedural vehicle for Bass to employ to raise its *Swales*-based arguments. The motion to dismiss Chapman's collective allegations is denied.[2]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 12)** filed by the defendant, D.M. Bass, Inc.is **DENIED** as to all FLSA claims. The motion is **GRANTED** as to any claims under the Portal-to-Portal Act, which are dismissed.

April 24, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] Chapman will not be allowed to use pre-certification discovery to fish for evidence of subclasses related to other employees with whom he is not similarly situated in terms of job description or title. Chapman worked for Bass as a manual laborer in connection with the company's construction/demolition/natural disaster cleanup business operations, and he only worked for the company for a short period of time, which occurred more than two years before Chapman filed his lawsuit. While Chapman considers himself similarly situated to any Bass employee that received a day rate but did not receive overtime wages for hours in excess of 40 a workweek, this paints with too broad a brush.